**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Kenneth D. Smith, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 6:17-cv-00408-JMC |
| | ) | |
| Warden Scott Lewis, | ) | **ORDER AND OPINION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 26), recommending that Respondent Warden Scott Lewis' Motion for Summary Judgment (ECF No. 16) be **GRANTED** and Petitioner Kenneth D. Smith's habeas petition be **DENIED**. For the reasons set forth below, the court **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 16) and **ACCEPTS** the Magistrate Judge's Report (ECF No. 34).

I. **FACTUAL AND PROCEDURAL BACKGROUND**

The court concludes upon its own careful review of the record that the factual and procedural summation in the Report (ECF No. 26) is accurate, and the court adopts this summary as its own. Subsequently, the court will only recite herein facts pertinent to the court's review of the Report (*id.*). On December 11, 2017, Magistrate Judge Kevin F. McDonald filed the Report (*id.*) and on January 19, 2018, Plaintiff filed an Objection[1] (ECF No. 34). On February 7, 2018,

---

[1] The court notes that Petitioner filed his Objection (ECF No. 34) to the Magistrate Judge's Report (ECF No. 26) on January 19, 2018, according to the date stamp on the envelope, which the court considers filed at that time. *See Houston v. Lack*, 487 U.S. 266, 271 (1988) (holding *pro se* prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court). Although, Petitioner filed his Objection (ECF No. 34) a day late, the court will still consider Petitioner's Objections.

1

the Respondent replied.  (ECF No. 40.)

## II.      JURISDICTION

The court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g) which gives the

court jurisdiction over a review of a final decision of the Commissioner of Social Security.

## III.     LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and

Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina.  The Magistrate Judge makes

only a recommendation to this court, which has no presumptive weight.  The responsibility to

make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71

(1976).  The court is charged with making a *de novo* determination of those portions of the Report

to which specific objections are made.  Fed. R. Civ. P. 72(b)(2)-(3).  "In the absence of a timely

filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error."

*James v. Cohen*, No. CV 1:17-01256-TMC, 2017 WL 4371548, at *1 (D.S.C. Oct. 3, 2017) (citing

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005)).  Additionally,

"[i]n the absence of objection, for which provision is made by the statute [28 U.S.C. §

636(b)(1)(C)], we do not believe [the court's acceptance of the Magistrate Judge's Report and

Recommendation] requires any explanation."  *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Failure to file specific written objections to the Report results in a party's waiver of the

right to appeal from the judgment of the District Court based upon such recommendation.  28

U.S.C. § 636(b)(1); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[t]he Supreme

Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule

conditioning appeal, when taken from a district court judgment that adopts a magistrate's

recommendation, upon the filing of objections with the district court identifying those issues on

which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

## IV.    ANALYSIS

Petitioner's Objection (ECF No. 34) to the Magistrate Judge's Report spends the majority

of the time either disagreeing with the Magistrate Judge's conclusions or reiterating the same

grounds that were made in his initial brief, namely:

> (1)Petitioner's due process rights violated by the trial court and [the South Carolina] Court of Appeals [by] not directing a verdict or failing to consider directing a verdict on its own motion since there was no evidence or substantial evidence Petitioner shot and killed the decedent;
>
> (2) Did the PCR judge's decision go contrary to the [United States] Supreme Court precedent and [apply] a legal context which was objectively unreasonable?;
>
> (3)Was the [South Carolina] Supreme Court's decision an unreasonable application of the facts in light of the evidence presented by not stating its findings of fact and conclusions of law?;
>
> (4) and (5) "Was it [a] 6th and 14th Amendment violation [for] trial counsel's failure to object to the jury charge of malice and the inference of malice?;
>
> (6) Was trial counsel ineffective in failing to object to the inference of malice charge pursuant to *Belcher*?

(ECF No. 26 at 7-9).

The Magistrate Judge's Report addresses Petitioner's Six Grounds as to why Respondent's

Motion for Summary Judgment should be denied.  (ECF No. 16.)  Regarding Ground One the

Magistrate Judge determines that:

> There was evidence presented from which the jury could have found plaintiff guilty of murder and breach of peace of a high and aggravated nature. Thus, the state court's decision was not contrary to, nor an unreasonable application of, clearly established federal law. Further, it was not based upon an unreasonable determination of the facts in light of the state court record. Accordingly, this ground is without merit and summary judgment should be granted with respect to this issue.

(ECF No. 26 at 17.) The Magistrate Judge's Report determines that Grounds Two and Three that

Petitioner raises are non-cognizable "on federal habeas review as they pertain to South Carolina's

3

state habeas proceedings." (*id.* at 11.) Regarding Grounds Four and Five the Magistrate Judge's

Report determines that:

> "The trial court specifically stated that the law required 'the state to prove his guilt to [the jury's] satisfaction beyond a reasonable doubt" (app. 391). Thus, the instruction was proper, and trial counsel could not have been ineffective for failing to object. Accordingly, there has been no showing that the trial court erred in directing the jury on malice or the trial counsel was ineffective for failing to object to the trial court's instruction; thus, the petitioner is not entitled to habeas corpus relief on these grounds."

(ECF No. 26 at 19.) Finally, the Magistrate Judge addressed Petitioner's final Ground determining

that:

> "There has been no evidence presented that the jury instruction was improper under the law as it existed at the time of trial. Therefore, trial counsel's failure to object to the malice instruction was not outside the wide range of professionally competent assistance and was not below an objective standard of reasonableness. Thus, the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent, and the petitioner is not entitled to habeas corpus relief on this ground."

(*id.* at 21-22.) Therefore, without specific objections to any part of the Report, the court does not

need to review the Report *de novo*, but must only ensure that no clear error has been made. *See*

Fed. R. Civ. P. 72(b)(2)-(3); *James*, 2017 WL 4371548, at \*1. "Likewise, a mere restatement of

the arguments raised in the summary judgment filings does not constitute an "objection" for the

purposes of district court review. *Abou-Hussein v. Mabus,* no. 2:209-1988-RMG-BM, 2010 WL

4340935, at \*1 (D.S.C. Oct. 28, 2010) *aff'd* 414 F. App'x 518 (4th Cir. 2011); *see Howard v. Sec'y*

*of Health & Human Servs.*, 932 F. 2d 505, 509 (6th Cir. 1991). *Nichols v. Comm'r of Soc. Sec.,*

100 F. Supp. 3d 487, 497 (E.D. Va. Mar. 13, 2015); *see also Anderson v. Dobson*, 627 F. Supp. 2d

619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented

before, is not an 'objection' as that term is used in this context.") (citation and quotation marks

omitted).

## V.  CONCLUSION

Based on the foregoing, the court **GRANTS** Respondent's Motion for Summary Judgment

(ECF No. 16) and **ACCEPTS** the Magistrate Judge's Report (ECF No. 34).

## VI.     CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue… only if the applicant has made a substantial
> showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability… shall indicate which specific issue or issues
> satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists

would find this court's assessment of his constitutional claims is debatable or wrong and that any

dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell,*

537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d

676, 683 (4th Cir. 2001).   In this case, the legal standard for the issuance of a certificate of

appealability has not been met.


**IT IS SO ORDERED.**




*J. Michelle Childs*

United States District Judge

March 28, 2018
Columbia, South Carolina